**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FOSTER J. HENDERSON and**
**KELLINA M. CRAIG-HENDERSON,**

      **Plaintiffs,**

**v.**                                          **CIVIL NO. 3:09cv112**

**EXPERIAN INFORMATION SOLUTIONS , INC.**
**TRANS UNION, LLC.**
**EQUIFAX INFORMATION SERVICES, LLC.**
**HOMECOMINGS FINANCIAL, LLC**

      **Defendants.**

**PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES**

COMES NOW the Plaintiffs, FOSTER J. HENDERSON and KELLINA M.

CRAIG-HENDERSON, by counsel, and make the following disclosures:

**I.  Individuals likely to have discoverable information**

    1.     Foster J. Henderson.

            *All facts.*

    2.     Kellina M. Craig-Henderson.

            *All facts*

    3.     Employees of Experian Information Solutions, Inc.

            *All facts regarding the subject matter of the Complaint.*

    4.     Employees of  Trans Union, LLC.

            *All facts regarding the subject matter of the Complaint*.

    5.     Employees of  Equifax Information Services, LLC.

            *All facts regarding the subject matter of the Complaint*.

6.      Employees of Homecomings Financial, LLC.

        ***All facts regarding the subject matter of the Complaint.***

7.      Employees of TD Waterhouse Investor Services, Inc.
       100 Wall Street
       New York, NY 10005-3701

        ***All facts regarding the ACH Withdrawals from the Plaintiffs'
        account in payment of Homecomings second mortgage account
        from November 2005 through March 1, 2008.***

8.      Employees of Wachoiva Bank

        ***All facts regarding automated check number 1004 withdrawn
        from the Plaintiffs' checking account in payment of
        Homecomings second mortgage account on or about March 3,
        2008.***

9.      Employees of USAA Bank

        ***All facts regarding the ACH debit Withdrawals from the
        Plaintiffs' account in payment of their Homecomings second
        mortgage from April 14, 2008 to date.***

10.     Employees of United States Office of Personal Management
       USOPM Federal PROC
       Boyers, PA 16018

        ***All facts regarding Plaintiff, Foster Henderson's security
        clearance and consequences of negative derogatory credit
        reporting in relation to approval of a security clearance in
        general and what actions were taken after review of the Plaintiff,
        Foster Henderson's credit report on or about June 22, 2007.***

11.     Paul S. Denmon
       Wells Fargo Bank, N.A.
       6116 Executive Blvd.
       Rockville, MD  20882

        ***All facts regarding Plaintiffs pre-approval for mortgage on or
        about August 2008, the credit scores, credit reports and/or tri-
        merge credit report reviewed in connection with Plaintiff's pre-
        approval application.  All facts regarding Plaintiff's application
        for pre-approval, whether it was approved and if the loan was
        approved, whether it was approved at the best available rate at***

*the time of the application; if the loan was offered at less than the best available rate, information relating to the reasons the loan was offered at the lower rates, the Loan-to-Value (LTV) ratio of any loan Plaintiff sought and/or was offered.  If the loan was denied, the reasons for the denial.*

12.　　Employees of FAC/RELS Reporting Service
1500 W. Bethany Bl.
Suite 300
Beaverton, OR 97006

*All facts regarding the credit information received from the credit reporting agencies regarding the Plaintiffs and utilized in generating your tri-merge credit repot requested by Wells Fargo on or about August 18, 2008.*

13.　　Employees of Mortgage Credit Reports
1430 Joh Avenue
Suite L
Baltimore, MD  21227

*All facts regarding the credit information received from the credit reporting agencies regarding the Plaintiffs and utilized in generating your tri-merge credit repot requested by Preferred Mortgage on or about April 8, 2008.*

14.　　Unknown persons as may be revealed in discovery.

15.　　All witnesses identified and disclosed by the Defendants.

## II.  Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

Plaintiffs Bate Stamp Nos. 10001 – 10332

## III. Computation of Damages

### Itemization Of Damages

The Plaintiffs seek damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See*

3

*Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

### Categories and types of Actual Damages

i.      Plaintiffs have suffered emotional and mental anguish, frustration and annoyance from being been deterred from applying for credit.

ii.     Plaintiffs have suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

iii.    Plaintiffs have suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of  the false information.

iv.     Plaintiffs have suffered general economic damages in the form of lost credit capacity and decreased credit score.

v.      Plaintiffs have suffered general damages in the form of damage to reputation.

vi.     Plaintiffs have been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

vii.    Plaintiffs have suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiffs did not receive because of the false and derogatory information contained in their credit reports.

viii.   The damage to the Plaintiffs' credit score may also have impacted the interest rates they have on current loans, credit he has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

ix.     Plaintiffs' economic damage also includes the considerable time, effort and expense they have been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

x.      Plaintiffs have endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting the Plaintiffs in a false light both personally and financially.

xi.     Plaintiffs have also suffered embarrassment from having to explain themselves to potential creditors as well.  Plaintiffs suffer anxiety when considering seeking additional credit because they believe, justifiably, that they will be forced to once again subject themselves to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about them.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v Phillips,*  2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

*Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on offer of judgment $95,000 for claimed damages of emotional distress and mortgage denial under 15 U.S.C. 1681e(b), defended by Jones Day).

*Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages).

*Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency. $250,000 punitive damage award sustained.);

*Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

*Collins v. Retail Credit Co.*, 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life"; $50,000 in punitive damages and $21,000 in attorney's fees).

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

5

*Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages; 4.5 million punitive vacated by appellate court.)

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s-2(b) trial and appeal by Len Bennett, appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) ($4,000 even though erroneous credit report was corrected one week after publication; verdict was sustainable as humiliation, emotional distress, or injury to reputation or credit rating.);

*Kirkpatrick v. Equifax*, (Oregon 2004) ($275,000 actual damages for identity theft reinvestigation claim)

*McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded 1.85 million to theft of identity victim against no credit bureaus.)

*Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990)  (jury award of $20,000 for credit damage, $20,224 in attorney's fees);

*Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

*Morris v. Credit Bureau*, 563 F. Supp. 962 (S.D. Ohio 1983) ($10,000 for stress,  anxiety, humiliation, injury to his reputation, his work, his family, his sense of well-being);

*Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

*Northrop v. Hoffman of Simsbury, Inc.*, 6 Conn. Ops. 447 (Apr. 24, 2000) (jury verdict of $100,000 in compensatory damages and $500,000 in punitives remitted by Chief Judge Covello to $125,000 for punitives, no compensatory).

*Phillips v. David McDermott Chevrolet, Inc.*, 1992 WL 67374 (Conn. Super. 1992)($5,000 for credit rating damage);

*Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

*Robinson v. Equifax*, Case No. 06-cv-1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim).

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and $80,000 in punitive damages).

*Sloan v. Equifax, (E.D. Va. 2005)*($350,000 actual damages for identity theft reinvestigation claim)

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages).

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and
embarrassment damages, plus $20,700 in attorney's fees);

*Thomas v. Trans Union*, (D. Or. 2002)  tried in Oregon.  In 2002, the jury awarded $5 million punitive, $300,000 actual damage for emotional distress. Judge remitted the punitive to $1million with $100,000 fees.

*Thompson v. Equifax*, (Ala. 2002) (jury award $80,000)

*Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982)  ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses).

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

*Wenger v. Trans Union*  (Cal. jury award of actual damages of $200,000).

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, Case No: 4:02-CV-1650 (E.D. MO 2004)(Jury verdict against furnisher under 15 U.S.C. ' 1681s-2b for $87,000 on claims for emotional distress associated with negligent noncompliance with 15 U.S.C.  §1681s-2(b)).

7

c.  **Specific examples of credit denials/ adverse actions**

The Plaintiffs have experienced specific and known damage to their credit that has been manifested in the Plaintiffs' credit reports including a decreased credit score as a result of the inaccurate information contained in their credit files.

It is the Plaintiffs' understanding, as summarized through their counsel, that each of the credit reports utilized contained the inaccurate derogatory account and inaccurate late payment information at issue in this case.

d.  **Punitive Damages.**

The Plaintiffs seek punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiffs' testimony, that of their expert witness and through the testimony of the employees of the Defendants against who such damages are sought.

e.  **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($250,000 in punitive damages award was appropriate under FCRA);

> *Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and 900,000.00 in punitive damages);

> *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld);

> *Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

> *Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

> *Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000  actual);

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and
$80,000 in punitive damages).

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages
and  $660,000 punitive damages).

S*tevenson v. TRW, Inc.*, 978 F.2d 288 (5th Cir. 1993) ($30,000 mental
anguish and embarrassment, $20,700 fees; appellate court remitted
$100,000 punitives);

*Thomas v. Trans Union*, (D. Or. 2002) ($5 million for punitive damages,
remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000
compensatory and $250,000 in punitive damages).

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995)
($15,000 compensatory damages, $25,000 punitive damages).

*Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th
Cir. 1987) (punitive damages $10,000; fees and costs over $33,000
in case involving impermissible access of consumer reports under
false pretenses);

Plaintiffs reserve the right to further supplement these disclosures.

FOSTER J. HENDERSON
and KELLINA M. CRAIG-HENDERSON


_____/s/_____

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Thomas R. Breeden, Esq.
THOMAS R. BREEDEN, P.C.
7900 Sudley Road
Suite 600
Manassas, VA  20109
(703) 361-9277 – Telephone
(703) 257-2259 - Facsimile

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 2nd day of July 2009,  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
david.anthony@troutmansanders.com

Jonathan Stuart Hubbard
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
jon.hubbard@troutmansanders.com

Russell J. Upton
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
rjupton@jonesday.com

Grant Edward Kronenberg
Morris & Morris
700 East Main St Suite 1100
PO Box 30
Richmond, VA 23218-0030
gkronenberg@morrismorris.com

Michael Robert Ward
Morris & Morris
700 East Main St Suite 1100
PO Box 30
Richmond, VA 23218-0030
mward@morrismorris.com

Paul Lee Myers
Strasburger & Price LLP
2801 Network Blvd
Suite 600
Frisco, TX 75034
paul.myers@strasburger.com

Robert Ryland Musick
Thompson McMullan PC
100 Shockoe Slip
3rd Fl
Richmond, VA 23219-4140
bmusick@t-mlaw.com

        /s/        
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net
